United States District Court
Middle District of Florida
Jacksonville Division

**CHRISHANDA DEJANETTE,**

    *Plaintiff,*

**v.**                                                                                     **NO. 3:26-cv-496-WWB-PDB**

**JSO,**

    *Defendant.*

---

## Report and Recommendation

The plaintiff, proceeding without a lawyer and without prepaying fees, *see* Doc. 5, returns to this court,[1] this time suing "JSO" for alleged violations of 18 U.S.C. §§ 241, 242, 1519, 1591; and 42 U.S.C. § 1983. Doc. 1.

In an order entered on April 6, 2026, the undersigned ordered the plaintiff to file, by April 28, 2026, an amended complaint that complies with the pleading rules. Doc. 5. The undersigned explained the pleading rules and the law, explained deficiencies within the complaint, and directed the plaintiff to resources for unrepresented litigants. Doc. 5. The undersigned warned, "**A failure to comply with this order may result in dismissal of this**

---

[1]In a case filed one month earlier, the plaintiff sues the defendant and sixteen others, alleging violations of state law and these federal laws: 18 U.S.C. §§ 241, 242, 1519; 42 U.S.C. § 1983; and 25 C.F.R. § 11.404. *See DeJanette v. DCF/CPS*, No. 3:26-cv-268-JEP-PDB (M.D. Fla.). A report and recommendation recommending dismissal of the action without prejudice for failure to comply with a court order is pending. Doc. 8 in No. 3:26-cv-268.

**lawsuit.**" Doc. 5 at 7. Since the undersigned's order, the plaintiff has filed nothing.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Because the plaintiff has failed to comply with the April 6 order directing her to file an amended complaint but has not demonstrated a clear record of delay or other willful conduct, the undersigned **recommends** (1) dismissing the action without prejudice[2] and (2) directing the clerk to close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the

---

[2]A dismissal is tantamount to a dismissal with prejudice if it has the effect of precluding a plaintiff from refiling her case due to the running of the statute of limitations. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993).

A constitutional claim under 42 U.S.C. § 1983 is a tort claim subject to the statute of limitations governing a personal-injury claim in the state where the § 1983 is brought. *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). If, like Florida, a state has multiple statutes of limitations for personal-injury actions, courts should borrow the state's general or residual personal-injury statute of limitations, *Owens v. Okure*, 488 U.S. 235, 249–50 (1989), which in Florida is four years, Fla. Stat. § 95.11(3)(o); *see City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002).

A civil claim for a violation of 18 U.S.C. § 1591 must be brought within 10 years of the claim's accrual or 10 years after the victim reaches 18 if the victim was a minor at the time of the offense. 18 U.S.C. § 1595(c).

The plaintiff relies on an incident or event on May 31 and June 1, 2022. Doc. 1 at 8. If an order is entered before May 31, 2026, the dismissal without prejudice is not an effective dismissal with prejudice of any § 1983 claim.

proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). An objection must not exceed 10 pages. Local Rule 3.01(b). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). A response must not exceed 10 pages. Local Rule 3.01(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings     or     recommendations … in     a     report     and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on May 4, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:      Chrishanda DeJanette
        716 Ray Charles Pl.
        Jacksonville, FL 32202

3